IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-CR-0043-KJM-CMK |
| Respondent, | |
| vs. | ORDER |
| MARVIN CHAVELLE EPPS, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment under 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge under the Eastern District of California's local rules.

On January 15, 2013, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court adopts the magistrate judge's findings and recommendations with modifications, as

/////

1

explained below, granting respondent's motion to dismiss and denying movant's motion for leave to amend.

I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant was charged with one count of production of child pornography and one count of possession of matter containing depictions of child pornography. A superseding indictment was later filed alleging an additional count of sex trafficking of a minor. Movant entered into a written plea agreement on April 12, 2010, pleading guilty to the third count of sex trafficking. (ECF 59 at 3.) The agreement provided that the government would dismiss the first two counts at the time of sentencing. (*Id.* at 8.)

The plea agreement incorporated the parties' stipulations regarding the calculation of the movant's sentence under the guidelines. (*Id.* at 11-13.) The parties agreed that the movant's base offense level would be 30 as provided by § 2G1.3(a)(2) of the guidelines. (*Id.* at 12.) The parties agreed that the offense level would be adjusted up to 34 because of the specific nature of the offense, pursuant to § 2G1.3(b)(3) and (4). (*Id.*) The parties did not stipulate to the applicability of a 2-level "organizer, leader, manager, or supervisor" enhancement under § 3B1.1(c) of the guidelines, leaving the government free to advocate for such an enhancement. (*Id.*) The parties did not stipulate to the applicability of a 2-level reduction for acceptance of responsibility under § 3E1.1(a), but noted that the government would not recommend such a reduction if the movant did not show remorse, agree to pay restitution, and demonstrate full cooperation with the probation officer. (*Id.* at 12-13.) Most importantly for the motions at issue, the parties made no stipulations as to the movant's criminal history category, nor to an overall guideline sentencing range. (*Id.* at 13.) The plea agreement further stated:

> By this plea agreement, the parties stipulate that the Court refer this matter — prior to judgment and sentencing — to the U.S. Probation Office for a full presentence report. The parties agree to be bound by the terms of this plea agreement even though a full presentence report will be generated and even if such a full presentence report contains a recommendation other than what the defendant may have calculated his guideline range to be. Each

> party retains the right to provide to the federal sentencing court
> and the appropriate probation office all information regarding the
> facts concerning the charge, about EPPS, and about the applicable
> law.

(*Id.* at 11.)

The parties stipulated that they agreed to be bound by the Sentencing Guidelines provisions that were in effect at the time the movant's offense was committed. (*Id.* at 17.) The plea agreement permitted movant to argue for a sentence outside the guidelines range determined by the court or the probation office, provided that no sentence would be lower than the statutory mandatory minimum of ten years. (*Id.* at 3.) The agreement also permitted the government to argue for a sentence up to the high end of the guidelines range or 15 years, whichever was higher. (*Id.* at 9.)

The written plea agreement contained a number of waivers of the movant's rights. Among the relevant waivers, the movant stipulated that his attorney had fully advised him of his rights under Rule 11 of the Federal Rules of Criminal Procedure and that he was "completely satisfied with his attorney's representation." (*Id.* at 13.) The movant agreed to waive all rights to appeal his guilty plea and the sufficiency of evidence against him. (*Id.* at 14.) He further waived all rights to attack collaterally both his guilty plea and the sufficiency of the evidence against him under 18 U.S.C. § 3742 and 28 U.S.C. §§ 2255 and 2241. (*Id.* at 15.) Movant further agreed to:

> [W]aive all rights to appeal his sentence to the extent he is
> sentenced to no more than the high end of the sentencing guideline
> range computed by the probation officer in his case or 15 years,
> whichever is higher, and agree[d] to waive all rights to collaterally
> attack any and all aspects of his sentence pursuant to 18 U.S.C.
> § 3742, 28 U.S.C. §§ 2255 and 2241.

(*Id.*) The pre-sentence report prepared by the probation officer calculated movant's offense level to be 31 with a criminal history category IV. (ECF 86 at 3-4.) The resulting guidelines range was 151 months to 188 months. (*Id.*) The report recommended the mandatory minimum of 120

months, constituting a downward departure.  (*Id.*)  At the time of sentencing, movant argued for the recommended 120-month sentence.  (ECF 68 at 5.)  The government argued for 180 months, or 15 years.  (ECF 67 at 11.)  On November 8, 2011, movant was sentenced to 151 months, the lowest end of the guideline range.  (ECF 72 at 22.)

On April 18, 2012, movant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  (ECF 80.)  On July 20, 2012, the government filed a motion to dismiss movant's motion.  (ECF 86.)  Movant then filed a motion for leave to amend his earlier motion on August 13, 2012.  (ECF 87.)  The government opposed and the movant filed a reply.  (ECF 94, 95.)

II.   DISCUSSION

   A.   Extent of Waiver of Ability to File a Section 2255 Motion

Movant's original motion contained two claims — that the probation officer erred in calculating movant's criminal history level by (1) counting two previous sentences separately and (2) including a recency point, the use of which had been eliminated from the guidelines seven days prior to his sentencing.  Movant claims his counsel was ineffective by not raising objections to the probation officer's report in a timely fashion.

The government argues that movant's waiver of any right to collaterally attack his sentence incorporates a waiver of claims of ineffective assistance of counsel so long as the claim is not being made in relation to the knowing and voluntary nature of the waiver or the plea agreement containing the waiver.  The court finds this argument persuasive.

Movant expressly waived "all rights to collaterally attack any and all aspects of his sentence pursuant to . . . 28 U.S.C. [§] 2255."  Although there is some uncertainty within the Ninth Circuit whether a plea agreement can waive a defendant's right to raise a § 2255 motion alleging ineffective assistance of counsel with respect to the plea, *see United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996), the Ninth Circuit has made clear that this uncertainty is not triggered by cases where the movant's "ineffective assistance claim relate[s]

4

only to counsel's alleged mishandling of the sentencing proceedings, not to the plea or the plea agreement." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). In this case, movant's original motion does not allege that his counsel was ineffective with regard to the plea or plea agreement, or that the plea agreement was entered into involuntarily.

B.  Motion for Leave to Amend

In his motion for leave to amend, movant seeks to add new claims challenging the validity of the plea agreement itself. Federal Rule of Civil Procedure 15, applicable here, allows a party to amend a pleading by leave of the court at any time, and such leave "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (applying Rule 15 to a petitioner's motion to amend 28 U.S.C. § 2254 habeas petition); *cf. Calderon v. Ashmus*, 523 U.S. 740, 750 (1998) (Breyer, J., concurring) (unless otherwise expressly governed by statute, habeas corpus amendments are governed by Rule 15). This rule is interpreted liberally to favor amendments. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). However, a "district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (internal citations omitted). Thus, the court examines the proposed amendments to determine whether leave to amend is warranted.

Movant seeks to add three claims to his motion: (1) that the plea was not entered into voluntarily and intelligently, because he did not understand the meaning of the waiver of his rights under § 2255; (2) that the government breached the terms of the plea agreement by falsely promising that movant would retain the right to effective counsel; and (3) that movant had ineffective assistance of counsel at the time of entering into the plea agreement. The court addresses each of these arguments in turn.

/////

/////

1.      The Voluntary and Intelligent Nature of the Plea Agreement

As discussed in *Pruitt* and in the findings of the magistrate judge, there is doubt in the Ninth Circuit that a defendant could ever waive a claim of ineffective assistance of counsel regarding a plea agreement or the waiver itself, or a claim that the agreement was not informed or voluntary. Until such doubt is resolved in this Circuit, the court will assume that the movant's waiver of rights under § 2255 does not preclude such claims. The court therefore examines movant's claim that his plea was neither voluntary nor intelligent.

Under Federal Rule of Criminal Procedure 11, before accepting a plea of guilty, the court must address the defendant personally in open court and determine that the plea is voluntary and that the defendant understands certain rights that may be waived by pleading guilty, including the terms of any plea agreement provision waiving the right to appeal or collaterally attack his sentence. FED. R. CRIM. P. 11(b).

In this case, there is ample evidence that this procedure was followed correctly, and that movant's plea of guilty was entered voluntarily and with full knowledge that he waived the right to appeal or collaterally attack his sentence. The plea agreement itself states clearly that movant waives all rights to appeal or attack collaterally his conviction and sentence. (ECF 59 at 15, 18.) It stipulates that the movant understands the plea agreement and voluntarily and willfully agrees to its terms. (*Id.* at 18.) Movant attested under oath to the sentencing court that he understood the terms of the plea agreement, including that he waived all rights to appeal or collaterally attack his sentence. (ECF 85 at 6, 10.) His counsel also attested that he was satisfied that movant understood the terms of the agreement and that his waiver of rights was knowing and voluntary. (*Id.* at 10.) Nothing in the record raises any question about defendant's ability to read, write or understand the proceedings or the English language. Movant was given every opportunity to ask for clarification from the court or his counsel if he did not understand the terms of the agreement, and he did not. (*Id.* at 2.)

/////

"A colloquy satisfying Rule 11's requirements will lead to a plea being considered knowing and voluntary, unless some misrepresentation or gross mischaracterization by counsel has tainted the plea." *United States v. Jeronimo*, 398 F.3d 1149, 1157 n.5 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). After a careful review of the sentencing colloquy and the plea agreement, the court finds nothing in the record that violated Rule 11. Movant has presented no evidence of misrepresentation. The court therefore finds that amending the motion to include a claim that the plea was entered involuntarily or unknowingly would be futile.

2.   The Government's Compliance with the Terms of the Plea Agreement

Movant claims that the government violated the terms of the plea agreement because "his plea was induced by prosecutorial promise that he could preserve the right to counsel, and that the court, after consultation and consideration of the sentencing guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Those factors include a correctly calculated guideline range." (ECF 87 at 10 (internal quotation marks omitted).) Movant claims that *United States v. Read*, 778 F.2d 1437 (9th Cir. 1985), establishes an obligation on the part of the prosecutor to ensure the court has complete information when imposing a sentence, and that this obligation was breached when the court incorrectly calculated his criminal history level. (ECF 87 at 10.)

Movant misconstrues *Read* and the burden it places on the government. *Read* holds that an agreement by the government in a plea agreement to "take no position on what sentence should be imposed" does not prohibit it from providing the court correct or missing information where it is aware that the court is about to impose a sentence based on incomplete or inaccurate information. *Read*, 778 F.2d at 1442 (9th Cir. 1985). At most, it imposes a duty on the government to reveal pertinent information of which it is aware. *Id.* There is no evidence in this case that the government was aware that the court was imposing a sentence based on inaccurate or incomplete information and failed to disclose such information to the court. The

7

government took no position on how to calculate the movant's criminal history level, and made no stipulations regarding this calculation.

Furthermore, the movant provides no support for his claim that the government deprived him of the right to counsel during the sentencing process, or that the government made enforceable promises regarding the accuracy of the court's calculation of the sentencing guideline range. Any such error would be on the part of the sentencing court alone, and ordinarily appealable, had the movant not clearly waived any right to appeal his sentence. The court finds it would be futile to give the movant leave to amend the motion to add this claim, clearly unsupported by fact or law.

3. The Effectiveness of Counsel's Assistance Regarding the Plea Agreement

As discussed above, the court assumes for the purposes of this motion that movant's waiver of all of his § 2255 rights does not preclude a claim of ineffective assistance of counsel with regard to the plea agreement itself. In order to demonstrate ineffective assistance of counsel, the movant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant alleges his counsel was deficient for not raising the proper objections to the sentencing report prepared by the probation officer, which if raised would have led to a different sentence, amounting to prejudice. However, these alleged errors by counsel all occurred after movant signed the plea agreement, which does not stipulate to anything regarding the calculation of movant's criminal history for purposes of the sentencing guidelines. Movant does not allege that he would not have pled guilty if not for his counsel's errors, only that his sentence would have been calculated differently. He presents no evidence of any errors by his counsel that occurred prior to, or during, his entering into the plea agreement. This is

insufficient to show prejudice. *Hill*, 474 U.S. at 59. Permitting amendment to allege ineffective assistance of counsel at the time of the plea agreement would be futile.

III. CONCLUSION

Upon review of movant's motion for leave to amend, the court finds that all proposed amendments would be futile and denies the motion. The court finds that movant's original motion is without merit and grants the government's motion to dismiss.

As provided by Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings, the court considers whether to issue a certificate of appealability. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has instructed that a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the court has found, as outlined above, that amendment clearly would be futile, the court concludes that reasonable jurists would not debate the resolution of the issues in this motion and declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 13, 2013, are adopted as modified by this order;
2. Movant's motion under 28 U.S.C. § 2255 (ECF 80) is dismissed;
3. Respondent's motion to dismiss (ECF 86) is granted;
4. Movant's motion for leave to amend (ECF 87) is denied; and
5. The Clerk of the Court is directed to close companion civil case no. 2:12-CV-1033-KJM-CMK.

DATED: July 31, 2013.

_____
UNITED STATES DISTRICT JUDGE